**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Raymundo Salvador Ramirez Ramirez,<br>Petitioner,<br>v.<br>Eric Rokosky, et al.,<br>Respondents. | No. CV-26-02620-PHX-SMB (JFM)<br>**ORDER** |

This action under 28 U.S.C. § 2241 challenges Petitioner's immigration detention. Petitioner alleges he entered the United States without inspection and was issued a Notice to Appear in 2010. (Doc. 1, Exs.) In May 2025, Petitioner was arrested and detained by Immigration and Customs Enforcement (ICE) officials. Petitioner alleges his detention violates his Fifth Amendment rights. (Doc. 1.)

Petitioner challenges his detention without being provided a pre-deprivation hearing. That argument lacks merit. In *Singh v. Unknown Party*, 2026 WL 1839137 (D. Ariz. 2026), another Judge in this District recently addressed whether an alien is entitled to a pre-deprivation hearing before being detained. The court concluded there is no constitutional right to such a hearing, in part because "there is no statute or regulation that entitles [an alien] to a pre-deprivation hearing before he may be detained following his release from immigration custody" and in part because "[t]he risk of an erroneous deprivation is . . . undermined by the fact that the regulations allow a noncitizen to appeal the revocation of bond and re-detention to an immigration judge, and, if requested, to the

BIA. . . . These subsequent procedures serve to ensure that the Government's decision to revoke a noncitizen's bond is not arbitrary or capricious . . . and does not pose a substantial risk of erroneous deprivation." *Id.* at *2-4 (cleaned up). Here, similarly, Petitioner has not identified any statute or regulation that entitles him to a pre-deprivation hearing in this circumstance. Moreover, as discussed below, Petitioner is entitled to a post-detention hearing.

In their Response, Respondents maintain Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). (Doc. 4.) Respondents are mistaken according to the Ninth Circuit. The Ninth Circuit held noncitizens like Petitioner are not "seeking admission" such that they are subject to detention under § 1225(b)(2)(A). *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior are detained under § 1226(a), not § 1225(b)(2)(A)). This Court disagrees with the analysis of the Ninth Circuit in *Rodriguez Vazquez* but is bound to follow the ruling. The Court will therefore grant the Petition and order that Petitioner be provided a bond hearing.

**IT IS ORDERED:**

1. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is **granted as described herein**.

2. Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

3. Respondents must provide a notice of compliance within three days of releasing Petitioner or providing Petitioner a bond hearing.

4. Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 6th day of October, 2026.

Honorable Susan M. Brnovich
United States District Judge